The Honorable Luther Hardin State Senator 2505 West Second Court Russellville, AR 72801
Dear Senator Hardin:
You have asked for an official opinion regarding an extension of Franklin County's sales tax which was recently approved in an election held March 8, 1988. In your request, you specifically ask:
 1. Would the new ordinance passed by the Quorum Court and the ballot title approved by the electorate on March 8, change the method of distribution by which the state returns the sales tax monies? Would the monies be returned to the cities and then have to be returned to the county in its entirety or could the cities keep a portion of the sales tax monies?
The answer to the first part of your question is "no." This Office opined in Opinion No. 86-58, a copy of which is attached hereto, that, according to Ark. Stat. Ann. 17-2010 — 2020 (now codified as Arkansas Code of 1987 Annotated 26-74-307, et. seq.), the proceeds derived from imposition of a county-wide sales tax are limited to usage for the designated purposes appearing in the ballot title. However, in that Opinion we stated that the method of distribution by which the State returns sales tax monies remains the same regardless of the uses for which proceeds are designated. As stated there, the city or the county which receives its per capita share of sales tax monies from the State must deposit those monies in the appropriate funds to achieve the designated uses. In this instance, the county-wide sales tax, by its own designation, is to be applied solely county functions.
2. When would Turner Memorial Hospital become a county owned hospital?
You have submitted resolution No. 1988-2 which the Quorum Court enacted to clarify that the ballot title to be placed on the March 8, 1988 special election ballot would specifically add the language that "Turner Memorial Hospital shall become a county hospital." Further, the resolution states that the intent of the Quorum Court is that by addition of the said language Turner Memorial Hospital would become a county hospital "upon passage of said sales tax." However, resolutions are not binding as law; rather, the ballot and text of the measure voted upon are what has been adopted by the voters of Franklin County. Significantly, 3 of General Ordinance No. 1988-1 merely states that Turner Memorial Hospital shall "become a county owned hospital." It does not further state that ownership occurs upon passage of the tax.
Therefore, I can only conclude that Turner Memorial Hospital will become a county owned hospital upon legal passage of title from whatever entity now owns the hospital to the County. Additionally, to my knowledge, Turner Memorial Hospital has filed for reorganizational Chapter 22 bankruptcy. The U.S. Bankruptcy Code which, as federal law, supersedes all state laws or local ordinances in conflict therewith, must then be consulted as to transferring ownership of Turner Memorial Hospital. For instance, that Code, specifically at 11 U.S.C. § 363 and 11 U.S.C. § 549, 550
contemplates that the bankruptcy trustee will have authority to determine who may purchase the estate of a bankrupt. Any transfer of ownership at this point must thus be approved by the bankruptcy court which has jurisdiction of the filing by Turner Memorial Hospital.
Since the voters of Franklin County have voted for such ownership to occur, however, it will not be necessary for the Franklin County Quorum Court to accept ownership of a hospital by ordinance.
3. Can the County Quorum Court refuse to accept Turner Memorial Hospital as a county-owned hospital?
The answer to your third question is "no." A similar question to this was addressed in our Opinion No. 86-58 cited above. There, we opined that a city would be acting contrary to the ballot title as enacted in refusing to deposit specific percentage of revenues in designated funds. Likewise, once a county-wide sales tax is passed by the voters, the Quorum Court which originally voted to place it on the ballot does not have authority to rescind or modify that vote. Rather, Arkansas statutes provide two options; namely, the tax may cease to be levied on the date noted on the ballot or the tax may be abolished by following the provisions of A.C.A. 26-74-310 which calls for an election on that issue.
4. What liability will the county have for said hospital if future financial problems develop?
When Franklin County becomes the owner of Turner Memorial Hospital, it will be liable for debts incurred as a result of the operation of that hospital.
The foregoing opinion, which I hereby approve, has been prepared by Solicitor General R.B. Friedlander.